UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISIOIN

VINCENT LEE STUMBO,                                    CASE NO.:

      Plaintiff,

v.

FARMERS INSURANCE COMPANY, INC.,
aka, FARMERS INSURANCE EXCHANGE,

      Defendant
_____/

## COMPLAINT

COMES NOW Plaintiff, VINCENT LEE STUMBO, by and through undersigned counsel, and sues Defendant, FARMERS INSURANCE COMPANY, INC., aka, FARMERS INSURANCE EXCHANGE (FARMERS), and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is a diversity action for damages pursuant to 28 U.S.C. §1332.

2. Plaintiff is *sui juris* and a resident of Volusia County, Florida

3. Defendant, FARMERS, is a property and casualty insurance company, and a citizen of the State of Kansas, but also authorized to and conducting business in the State of Florida, including Volusia County, Florida.

4. Venue is proper in the Middle District of Florida, Orlando Division, as all actions giving rise to this action occurred in Volusia County, Florida.

5. All conditions precedent to commencing this action have been completed, satisfied or have otherwise been waived.

## COMMON FACTS

6. On September 21, 2019, Plaintiff was involved in a motor vehicle accident (the "Accident") that occurred on or near 1050 Old Mission Road, Edgewater, Florida.

7. Plaintiff asserted a claim against the at-fault driver's insurance policy issued by Farmers (Claim No. 7000423406-1; Policy No. 192085855).

8. On or about September 26, 2019, Plaintiff, through counsel, submitted a demand to Farmers for the disclosure of policy limits for each known policy of insurance that provided coverage for the Accident pursuant to §627.4137, Florida Statutes. See Exhibit A.

9. On October 9, 2019, Farmers complied with the §627.4137, Florida Statutes policy limit demand and provided a sworn statement concerning available coverage limits for Plaintiff's claim.  Most relevant to this action is Farmers sworn disclosure that it had identified an umbrella liability policy with coverage limits of $10,000,000.00. See Exhibit B.

10. Based on the available coverage limits affirmatively identified by Farmers in its policy limit disclosure, Plaintiff made certain decisions concerning his pursuit of medical treatment directly related to the Accident, and the cost of that treatment was in excess of $250,000.00, and treatment has not concluded as of the time of filing this action.

11. On January 21, 2021, Plaintiff, through counsel, tendered an initial settlement demand to Farmers based upon Plaintiff's then existing cost of medical treatment and the available policy limits disclosed by Farmers' sworn October 9, 2019 §627.4137, Florida Statutes disclosure.  See Exhibit C.

12. On January 28, 2021, Farmers tendered another §627.4137, Florida Statutes sworn disclosure asserting that there was no liability umbrella coverage as previously disclosed in its sworn disclosure of October 9, 2021, essentially admitting its intentional or negligent disclosure of October 9, 2019.

COUNT I –    FRAUDULENT MISREPRESENTATION

13. Plaintiff reasserts and realleges the allegations of ¶¶ 1-12 as is fully set forth herein.

14. At no time whatsoever during the 16+ months that lapsed between Farmers October 9, 2019 initial sworn §627.4137, Florida Statutes disclosure up to the date of Plaintiff's initial settlement demand did Farmers ever notify that its October 9, 2019 disclosure may have contained an error in the available coverage.

15. To the contrary, it was not until Farmers was alerted to the Plaintiff's extensive treatment and cost thereof as reflected in Plaintiff's initial settlement demand that Farmers ever realized its sworn disclosure of October 9, 2019 was erroneous, a discovery that was too remote in time and too late to have reasonably allowed the Plaintiff and his counsel to properly evaluate pursuing the extensive medical treatment necessitated by the injuries Plaintiff sustained in the Accident.

16. Farmers' October 9, 2019 sworn coverage disclosure was a material sworn misrepresentation and was false at the time it was made.

17. Farmers misrepresentation was material in that Farmers knew that Plaintiff would rely upon the disclosure to make decisions concerning his medical treatment.

18. Farmers made the misrepresentation intentionally, either knowing it to be false or with reckless disregard as to whether it was true of false.

19. At all times relevant herein, Plaintiff did, in fact, reasonably rely upon Farmer's coverage disclosures when making his medical treatment decisions and his reliance was justified under the circumstances.

20. As a direct and proximate result of Farmers' false and fraudulent policy limit disclosure, Plaintiff has suffered damage.

WHEREFORE, Plaintiff, VINCENT LEE STUMBO, demands judgment against FARMERS INSURANCE COMPANY, INC., aka, FARMERS INSURANCE EXCHANGE, for damages, punitive damages, costs, and for such other relief as this Court deems fair and just.

### COUNT II – NEGLIGENT MISREPRESENTATION

21. Plaintiff reasserts and realleges the allegations of ¶¶ 1- 12 and 14 - 19 as if fully set forth herein.

22. At all times relevant herein, Farmers owed a duty of care to Plaintiff to provide truthful and accurate policy limit disclosures as required by §627.4137, Florida Statutes.

23. Farmers breached its duty of care when it provided the sworn October 9, 2019 policy limit disclosure that it knew, or in the exercise of reasonable care, should have known was not a true and accurate disclosure.

24. As a direct and proximate result of Farmers' false and negligent policy limit disclosure, Plaintiff has suffered damage.

WHEREFORE, Plaintiff, VINCENT LEE STUMBO, demands judgment against FARMERS INSURANCE COMPANY, INC., aka, FARMERS INSURANCE

EXCHANGE, for damages, costs, and for such other relief as this Court deems fair and just.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff reasserts and realleges the allegations of ¶¶ 1- 12 and 14 - 19 as if fully set forth herein.

26. At all times relevant herein, Farmers' conduct was intentional and reckless in that it knew or should have known Plaintiff would rely on its representations when making extremely significant financial decisions related to Plaintiff's medical treatment.

27. Farmers knew, or should have known, that its failure to provide true and correct representation of the insurance coverage would likely result in emotional distress to Plaintiff because Plaintiff had actually incurred extremely high medical bills that Plaintiff is and was unable to pay but for the coverage representations made by Farmers.

28. At all times relevant herein, Farmers' intentional and fraudulent misrepresentations in its §627.4137, Florida Statutes coverage disclosures was outrageous and went beyond all bounds of decency and were utterly intolerable in a civilized community and were precisely the type of misrepresentations that §627.4137 is intended to prevent.

29. Farmers' intentional and fraudulent misrepresentations did, in fact, cause Plaintiff to suffer severe emotional distress, including but not limited to severe emotional distress related to his medical treatment and severe emotional distress from exposure to the heavy financial burden related to that medical treatment.

WHEREFORE, Plaintiff, VINCENT LEE STUMBO, demands judgment against FARMERS INSURANCE COMPANY, INC., aka, FARMERS INSURANCE EXCHANGE, for damages, costs, and for such other relief as this Court deems fair and just.

### DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

**RESPECTFULLY** submitted this 20th day of September 2021.

/s/ Craig R. Lynd\
Craig R. Lynd, Esquire\
Florida Bar No.: 122210\
Jeffrey S. Kaufman, Esquire\
Florida Bar No. 99538\
Christopher H. Hunt, Esquire\
Florida Bar No. 20705\
Primary:     craiglynd@kaufmanlynd.com\
Secondary: rrosso@kaufmanlynd.com\
Alternate:   litigation@kaufmanlynd.com\
KAUFMAN & LYND, PLLC\
Counsel for Plaintiff\
200 E. Robinson Street, Suite 400\
Orlando, Florida 32801\
Phone: (407) 706-3535\
Fax: (407) 440-4543